IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01906-CMA-CBS

ROBERT SCHWARTZ,
    Petitioner,
v.

PAMELA PLOUGHE, Warden of C.T.C.F.,
    Respondent.[1]

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Petitioner Mr. Schwartz' Application for a Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (filed August 11, 2009) (Doc. # 3). Pursuant to the Order of Reference dated September 15, 2009 (Doc. # 10), this civil action was referred to the Magistrate Judge. The court has reviewed the Petition, the "Response to Application for Writ of Habeas Corpus" ("Answer") (filed October 28, 2009) (Doc. # 13), Mr. Schwartz' "Reply Brief and Objections . . ." (filed November 13, 2009) (Doc. # 16), Mr. Schwartz' "Motion for Out of Time Emergency Addition Supplemental and Amendment . . . " (filed May 14, 2010) (Doc. # 17) (treated as a supplement to the Petition (*see* Doc. # 19), the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Background

Mr. Schwartz is incarcerated in the Colorado Territorial Correctional Facility ("CTCF") of the Colorado Department of Corrections ("CDOC"). In 1989, Mr. Schwartz was convicted of three

---

[1] The person having the physical custody of the prisoner, who is capable of bringing him into court, is the only person who may properly be named respondent in a petition for habeas corpus. *Blango v. Thornburgh*, 942 F.2d 1487, 1492 n. 10 (10th Cir. 1991) (citations omitted).

1

counts of sexual assault on a child and three counts of aggravated incest, based on repeated sexual abuse of his seven-year-old daughter. *See People v. Schwartz*, 890 P.2d 82 (Colo. 1995). On appeal, a division of the Colorado Court of Appeals reversed Mr. Schwartz' convictions and remanded the case for a new trial. *See id.* at 83 (citing *People v. Schwartz*, 89CA1614 (Colo. App. Jan. 15, 1992) (not selected for official publication)). On or about November 16, 1993, Mr. Schwartz pled guilty to three counts of aggravated incest and three counts of sexual assault on a child by one in a position of trust, all Class 3 felonies. *See Schwartz*, 890 P.2d at 82. The trial court sentenced Schwartz to ten years on each count, with the sentences for sexual assault on a child by one in a position of trust to be served consecutively and the sentences for aggravated incest to be served concurrently, resulting in a sentence of thirty years imprisonment. *Id.*, 890 P.2d at 83.

Mr. Schwartz' Petition presents a challenge to the June 2, 2009 decision of the Colorado State Board of Parole ("Parole Board") to deny his request for parole. Mr. Schwartz alleges that the denial of parole violated his rights to due process and equal protection and was an abuse of discretion. Mr. Schwartz alleges nine claims challenging the Parole Board's decision denying him release on parole on June 2, 2009. Mr. Schwartz alleges that the Parole Board: (1) relied on erroneous information; (2) failed to properly consider "risk control problems;" (3) failed to adequately explain the reasons for denial of parole; (4) failed to consider all "of the mandated factors;" (5) failed to consider allowing him to complete his sex offender treatment in a community facility; (6) relied on inaccurate and incomplete information in his record; (7) precluded him from presenting exhibits; and (8) failed to consider additional evidence he attempted to present. (*See* Petition (Doc. # 3) at pp. 3-11 of 12). Finally, Mr. Schwartz alleges that only one Parole Board member was physically present at the parole interview. (*See id.* at p. 11 of 12).[2]

---

[2] While Mr. Schwartz refers to a parole "hearing," the court notes that in Colorado, parole interviews are not "hearings", nor are they subject to the Colorado Administrative Procedures Act. *See* Colo. Rev. Stat. § 17-1-111; *McCallum v. Colorado State Bd. of Parole*, 23 P.3d 1226,

II.     Standard of Review

"Section 2241 provides generally that the federal courts have the power to grant writs of habeas corpus, in behalf of, *inter alios*, prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." *Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003) (citing 28 U.S.C. §¶ 2241(a), 2241(c)(3)). "Under § 2241, a prisoner may challenge the execution of [his] sentence, such as . . . decisions to deny parole . . . ." *Id.* (internal quotation marks and citation omitted). *See also McIntosh v. United States Parole Commission*, 115 F.3d 809, 812 (10th Cir. 1997) (petition for writ of habeas corpus is properly brought where the petitioner attacks the fact or duration of his confinement and seeks the remedy of shortened confinement or immediate release); *Mulberry v. Neal*, 96 F. Supp. 2d 1149, 1150 ("State parole board procedures and decisions are subject to federal judicial review.").

III.    Analysis

A.      Due Process

Mr. Schwartz alleges the denial of parole on June 2, 2009 was a violation of due process. The Due Process Clause of the Fourteenth Amendment guarantees due process only when a person is to be deprived of life, liberty, or property. U.S. Const. amend. XIV, § 1. To establish a due process violation, the plaintiff must first demonstrate that he has been deprived of a constitutionally protected right. *Boutwell v. Keating*, 399 F.3d 1203 (10th Cir. 2005). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). *See also White v. Kelly*, 82 F. Supp. 2d 1184, 1190 (10th Cir. 2000) (no constitutionally protected liberty interest in parole); *Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992) ("Parole is a privilege; there is no constitutional or inherent right to parole.").

---

1228 (Colo. App. 2000).

A state may provide a statutory liberty interest through the use of mandatory language in its parole statute, which limits the parole board's discretion or creates a presumption of release. *Greenholtz*, 442 U.S. at 7 (interpreting Nebraska statute to mandate parole unless one of several enumerated conditions applied). *See also Board of Pardons v. Allen*, 482 U.S. 369 (1987) (similarly interpreting Montana statute to create a liberty interest in parole). The Supreme Court of Colorado has interpreted Colorado's parole statute and determined that the Parole Board is given the "sole power to grant or refuse to grant parole." *See* Colo. Rev. Stat. § 17-2-201(5)(a); *Martinez v. Furlong*, 893 P.2d 130, 131 (Colo. 1995) (once an inmate becomes eligible for parole, the Parole Board has complete discretion to grant or deny parole to that person) (*en banc*) (internal quotation marks and citation omitted). Therefore, "the Colorado statutory scheme does not create a constitutionally protected entitlement to, or liberty interest in, parole." *Thompson v. Riveland*, 714 P.2d 1338, 1340 (Colo. App. 1986). Under a discretionary parole scheme such as Colorado's, which does not create an entitlement to or liberty interest in parole, an inmate is not entitled to due process protections. *Greenholtz*, 442 U.S. at 7. "[T]he mere existence of a purely discretionary parole authority creates no entitlement and, therefore, no concomitant federal due process interest." *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009). Thus, Mr. Schwartz' claim for violation of due process fails.

B.   Equal Protection

Mr. Schwartz generally alleges that the Parole Board violated his equal protection rights. The Equal Protection Clause requires that no state deny any person within its jurisdiction the equal protection of the laws. U.S. Const. amend. XIV. "The Fourteenth Amendment guarantee of equal protection 'is essentially a direction that all persons similarly situated should be treated alike.'" *Straley*, 582 F.3d at 1214 (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). The Equal Protection Clause does not forbid classifications, but simply prevents

government decision makers from treating differently persons who are in all relevant respects alike. *Juarez v. Renico*, 149 F. Supp. 2d 319, 324 ( E.D. Mich. 2001).

Mr. Schwartz fails to provide any specific factual allegations in the Petition that support his claim of violation of his equal protection rights. Mr. Schwartz fails to identify any similarly situated inmate or allege how he was given any different treatment. To prevail on a claim that attacks the constitutionality of a state's action, a plaintiff must detail the facts forming the basis of the claim. *Blinder, Robinson & Co. v. United States SEC*, 748 F.2d 1415, 1419 (10th Cir. 1984). Vague, unsupported, and conclusory allegations are insufficient to state a claim of constitutional violation. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (petitioner, even if pro se, must allege sufficient facts about material events); *Dunn v. White*, 880 F.2d 1188, 1198 (10th Cir. 1989) (specific allegations required to state a claim of constitutional violation). Mr. Schwartz' bare equal protection claims are simply too conclusory to permit a proper legal analysis. *See Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995) (stating that complaint's allegations were "too conclusory" to allow for complete equal protection analysis). Mr. Schwartz has failed to raise or demonstrate any plausible equal protection violation.

C.     Abuse of Discretion

Mr. Schwartz further alleges that the denial of parole on June 2, 2009 was an abuse of discretion. "[T]he district court reviews the Parole Board's action for abuse of discretion, asking whether the Board's action resulted in an abridgement of the petitioner's constitutional rights." *Wildermuth v. Furlong*, 147 F. 3d 1234, 1236 (10th cir. 1998) (citations omitted).

On June 2, 2009, Colorado law provided that a parole interview shall be conducted by one or more Parole Board members:

> Whenever an inmate initially applies for parole, the board shall conduct an interview with the inmate. At such interview at least one member of the board shall be present. Any final action on an application shall not be required to be made in the presence of the inmate or parolee, and any such action shall require the concurrence of at least

5

> two members of the board. . . . Any subsequent application for parole shall be considered by the board in accordance with the provisions of section 17-2-201(4)(a).

Colo. Rev. Stat. § 17-2-201(9)(a)(I). Section 17-2-201(4)(a) provides that the Board has the following powers and duties:

> (a)   To meet as often as necessary every month to consider all applications for parole. The board may parole any person who is sentenced or committed to a correctional facility when such person has served his or her minimum sentence, less time allowed for good behavior, and there is a strong and reasonable probability that the person will not thereafter violate the law and that release of such person from institutional custody is compatible with the welfare of society. If the board refuses an application for parole, the board shall reconsider the granting of parole to such person within one year thereafter, or earlier if the board so chooses, and shall continue to reconsider the granting of parole each year thereafter until such person is granted parole or until such person is discharged pursuant to law; . . . .

Colo. Rev. Stat. § 17-2-201(4)(a).

"For defendants serving sentences in Colorado for crimes committed on or after July 1, 1985, the Board has unlimited discretion to grant or deny parole." *Mulberry*, 96 F. Supp. 2d at 1150 (citation omitted). *See also* Colo. Rev. Stat. § 17-22.5-303(6). The Parole Board's decision "is subtle and depends upon an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Parole Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release." *White v. People*, 866 P.2d 1371, 1373 (Colo. 1994) (quoting *Greenholtz*, 442 U.S. at 9-10). The parole decision "involves a discretionary assessment of a multiplicity of imponderables, including but not necessarily limited to the nature of the crimes(s) committed, the amount of time served, and the risk to society." *Mulberry*, 96 F. Supp. 2d at 1151 (citation omitted).

"[T]he decision of the parole board may not be overturned unless it was arbitrary, capricious or an abuse of discretion." *Schuemann v. Colorado State Board of Parole*, 624 F.2d 172, 173 (10th Cir. 1980). *See also Misasi v. United States Parole Commission*, 835 F.2d 754, 758 (10th Cir.1987) (a Parole Board decision may not be reversed by a court unless it is arbitrary or capricious and is

6

an abuse of discretion.).  A "clear showing" of arbitrary and capricious action or an abuse of discretion is required.  *Sotelo v. Hadden*, 721 F.2d 700, 702 (10th Cir. 1983) (citation omitted).  "In reviewing the Board's decision, the inquiry is only whether there is a rational basis in the record for its conclusions embodies in its statement of reasons."  *Mulberry*, 96 F. Supp. 2d at 1151 (citation omitted).  "So long as there was sufficient evidence before the Parole Board to support its decision, its actions are not an abuse of discretion."  *Id.*  Federal courts may not reweigh evidence, rule on credibility matters, or substitute their judgment for the judgment exercised by a parole board.  *Fiumara v. O'Brien*, 889 F.2d 254, 257 (10th Cir. 1989).

Here, the Board conducted an interview with Mr. Schwartz, considered his application and voted to defer the application until June 2010.  Mr. Schwartz' parole was deferred for one year based on "Aggravating Factors/Inadequate Time Served (Circumstances of the Offense)" and "Risk Control Problems; Needs Continued SOTP Correctional Treatment."  (*See* Affidavit of David L. Michaud (Doc. # 13-2 at p. 2 of 9);  Notice of Colorado Parole Board Action, Attachment 1 to Affidavit of David L. Michaud (Doc. # 13-2 at p. 3 of 9)).

As to Mr. Schwartz' allegations, first he has not demonstrated that the Board relied on erroneous information.  "The Colorado parole statute gives the Board broad discretion and does not require the granting of parole upon a showing of any particular facts."  *Mulberry*, 96 F. Supp. 2d at 1151.  *See also Abdulhaseeb v. Jenks*, 2005 WL 1239135 *5 (W.D. Okla. Jan. 20, 2005) (because "Tenth Circuit precedent is clear that absent a liberty interest in parole, there is no entitlement to due process protections, . . . Petitioner's allegations that the parole investigation report includes improper or even false information fail to state a federal constitutional violation.").[3] Second, the Board considered Mr. Schwartz' "risk control problems" and concluded that he required additional sex offender treatment in a correctional rather than a community setting.  (*See*

---

[3]  A copy of this unpublished decision is attached to this Recommendation.

Doc. # 13-2 at p. 3 of 9). Third, the Board provided written reasons why Mr. Schwartz was not a fit candidate for parole. (*See* Doc. # 13-2). At the time of the parole review, Mr. Schwartz had been incarcerated for 20 years of a 30-year sentence on serious offenses. The Board determined that Mr. Schwartz had served inadequate time. This reason alone is "sufficient and proper." *Schuemann*, 624 F.2d at 174 (holding that the Parole Board's determination that an inmate had not served sufficient time for a serious offense is "a sufficient and proper reason" to deny parole). The Parole Board rejected Mr. Schwartz' parole application based on aggravating factors, inadequate time served, and his need for continued correctional treatment. Although these reasons are briefly stated, they are supported by the record and are sufficient. *See Schuemann*, 624 F.2d at 174 ("It would be discordant to require unduly specific and detailed reasons from a Board vested with a subjective, predictive, and experimental function.").

Fourth, while the Colorado parole statute gives some broad outlines for the Board to follow, it does not circumscribe the Board's discretion. The Board "may" parole an inmate, but is not compelled to do so. *See* Colo. Rev. Stat. § 17-2-201(4)(a) (2009). *See also* Colo. Rev. Stat. § 17-22.5-404 (2009) (Parole Board "may parole any person . . . when the board determines . . . that there is a strong and reasonable probability that the person will not thereafter violate the law and that his release from institutional custody is compatible with the welfare of society."). *Cf.* Colo. Rev. Stat. § 17-22.5-404 (2010) (amended to indicate "the state board of parole shall consider the totality of the circumstances"). Mr. Schwartz has no legitimate entitlement to parole prior to the completion of his sentence. The Board considered numerous relevant factors. (*See* Doc. # 13-2 at pp. 4-9 of 9). Mr. Schwartz' allegation of failure to follow "mandated factors" lacks merit.

To the extent that Mr. Schwartz alleges that he was precluded him from presenting exhibits and the Parole Board failed to consider additional evidence he attempted to present, absent a liberty interest in parole, there is no entitlement to presentation of evidence. Colorado's parole

"procedure affords an opportunity to be heard, and when parole is denied it informs the inmate in what respects he falls short of qualifying for parole; this affords the process that is due under these circumstances." *Greenholtz*, 442 U.S. at 16.  Finally, no more than one Parole Board member need be physically present at the parole interview.  (*See* Colo. Rev. Stat. § 17-2-201(9)(a)(I)).

There being a rational basis in the record for the Parole Board's conclusions, Mr. Schwartz has not demonstrated that the Parole Board's conclusion to defer his application until June 2010 was an abuse of discretion.

Accordingly, IT IS RECOMMENDED that Mr. Schwartz' Application for a Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (filed August 11, 2009) (Doc. # 3) be DENIED and this civil action be DISMISSED with prejudice.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the

proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 17th day of March, 2011.

                                      BY THE COURT:

                                      s/Craig B. Shaffer
                                      United States Magistrate Judge